UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER LAVERNE MCGRIFF,

    Plaintiff,

v.                                                      CASE NO. 3:25-cv-710-MMH-SJH

DAVIS YULEE, LLC,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on *pro se* Plaintiff's Motion For Substituted Service or Service By Alternative Means ("Motion"). Doc. 5. The Motion is due to be denied without prejudice.

Preliminarily, the Motion does not comply with the typography requirements of Local Rule 1.08, which warrants denial without prejudice. *See CMR Constr. & Roofing, LLC v. Asi Preferred Ins. Corp.*, No. 2:19-cv-442-JES-MRM, 2021 WL 1329232, at *1 (M.D. Fla. Mar. 1, 2021); *see also Williams v. Jacksonville Sheriff's Off.*, No. 3:21-cv-994-MMH-JRK, 2021 WL 4943705, at *1 (M.D. Fla. Oct. 22, 2021).[1]

In addition, Rules 5(a) and 5(d) of the Federal Rules of Civil Procedure ("Rule(s)"), require that written motions be served on every party and that a certificate of service be filed (unless a paper is served by filing it with the court's electronic-filing

---

[1] The Local Rules are available at https://www.flmd.uscourts.gov/local-rules.

system). *See also* Doc. 3 at 4.[2] Here, the Motion includes no certificate of service and gives no indication it was ever served on Defendant pursuant to Rule 5 (*e.g.*, mailed to Defendant's last known address), further warranting denial without prejudice. *E.g., Infinity Cap. Income Fund, LLC v. Nguyen*, No. 6:24-cv-1869-JSS-LHP, 2024 WL 4556122, at *1 (M.D. Fla. Oct. 23, 2024); *ADAPCO, LLC v. Heylek*, No. 6:19-cv-616-Orl-37DCI, 2019 WL 12021671, at *2 (M.D. Fla. Apr. 10, 2019).

Even if the Motion were otherwise considered, it would be due to be denied without prejudice. Pursuant to Local Rule 3.01(a), a motion must include "a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." The Motion seeks an order permitting substitute service on Defendant by one or more of the following: (a) certified mail to Defendant's principal place of business; (b) service upon the Florida Secretary of State; (c) email to a known and active business address; (d) publication pursuant to Fla. Stat. § 49.011; and/or (e) any other means reasonably calculated to provide actual notice. Doc. 5 at 2-3. However, even liberally construed, the Motion only attempts to justify service pursuant to Fla. Stat. § 48.161.[3] As such, any other relief requested in the Motion—for example service by publication or other unspecified means not under Fla.

---

[2] Defendant has not yet been served with process and is not at this time in default for failing to appear.

[3] To the extent the Motion cites Fla. R. Civ. P. 1.070(i), Doc. 5 at 2, that rule, where applicable, authorizes service by mail only with a defendant's agreement and waiver of personal service. *See Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 844 (11th Cir. 2020); *Jacobs v. Land Home Fin. Servs. Inc.*, No. 8:23-cv-2308-MSS-NHA, 2024 WL 810854, at *1 (M.D. Fla. Feb. 27, 2024); *Talib v. Anders*, No. 3:17-cv-452-J-39JRK, 2017 WL 7541509, at *2 (M.D. Fla. Oct. 17, 2017).

Stat. § 48.161—has not been appropriately presented or briefed. *See* Local Rule 3.01(a).[4]

That leaves Fla. Stat. § 48.161, which sets forth how a party may use certain specified means of alternate service when certain requirements are satisfied.[5] "A plaintiff seeking to effectuate substituted service must demonstrate that substituted service is proper." *MSR Media Skn Ltd. v. Khan*, No. 8:24-cv-1248-KKM-AAS, 2024 WL 4728372, at *2 (M.D. Fla. Oct. 25, 2024). Given the due-process concerns attendant to substitute service, strict compliance with the requirements of Fla. Stat. § 48.161 is required. *See Greenridge v. Fla. Dep't of Revenue*, No. 8:25-cv-927-KKM-TGW, 2025 WL 1615446, at *1 (M.D. Fla. June 6, 2025); *Westchester Fire Ins. Co. v. M&C Express Transp., Inc.*, No. 5:24-cv-446-JSM-PRL, 2025 WL 1194211, at *3 (M.D. Fla. Apr. 24, 2025); *Pasteur v. Arc One Protective Servs. LLC*, No. 6:23-cv-1479-CEM-DCI, 2023 WL 8079700, at *1 (M.D. Fla. Nov. 21, 2023); *InClaim, LLC v. Structural Wrap, LLC*, No. 3D24-1082, --- So.3d ---, 2025 WL 1509459, at *3 (Fla. 3d DCA May 28, 2025).

Among other things, then, Plaintiff must ultimately show that (i) Defendant "conceal[ed] its whereabouts"; and (ii) Plaintiff has "exercis[ed] due diligence to locate

---

[4] A passing and undeveloped argument is insufficient to raise an issue. *See Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1356 (11th Cir. 2024); *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023); *Cousins v. Sch. Bd. of Orange Cnty., Fla.*, 687 F. Supp. 3d 1251, 1280 (M.D. Fla. 2023).

[5] Rule 4(e)(1) permits service on an individual in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"; Rule 4(h)(1)(A), in turn, permits service on an unincorporated association in such manner.

3

and effectuate personal service[.]" Fla. Stat. § 48.161(3); *see also Khan*, 2024 WL 4728372, at *2.[6] Plaintiff's "efforts so far do not suffice." *See Khan*, 2024 WL 4728372, at *2.

Plaintiff has cited only two attempts to effectuate personal service. First, Plaintiff's process server attempted service via Defendant's registered agent and "spoke with an individual who identified themselves as the person in charge and they stated subject unknown." Doc. 5 at 2, 4.[7] Second, Plaintiff's process server attempted service at Defendant's principal place of business but "spoke with an individual who identified themselves as the person in charge and they stated subject resides but not available at this time"; ten minutes later, the process server "spoke with an individual who identified themselves as the person in charge and they stated service not permitted" and "Brandon Maynard stated that all process of service should be served though their registered agent Robert Sickles at Densmore and Shohl located at 201 N. Franklin St. Suite 350 Tampa, FL 33602." Doc. 5 at 5.[8]

On this record, Plaintiff has not shown that Defendant concealed its

---

[6] There are various other requirements for substitute service under Fla. Stat. § 48.161. This Order does not purport to address all requirements, though all must be strictly satisfied for valid service thereunder. *See* Fla. Stat. § 48.161; *see also Greenridge*, 2025 WL 1615446, at *1; *Westchester Fire Ins. Co.*, 2025 WL 1194211, at *2-3.

[7] It is not clear from this ambiguous statement whom the process server spoke to; the person or entity such person was "in charge" of; and/or whether the unknown "subject" refers to Defendant, its registered agent, or someone else.

[8] As with the statement in the first return, these statements are ambiguous. The undersigned notes, however, that the details provided as to the registered agent are similar to, but slightly different than, what is listed in corporate records and was used for the first service attempt.

4

whereabouts. *See, e.g.*, *Khan*, 2024 WL 4728372, at *3 ("[T]he plaintiffs' evidence in this case does not establish that Khan knew of the efforts to serve him and hid accordingly. Instead, the evidence merely proves that Khan was not present at any of the addresses. But absence alone does not provide enough to conclude that Khan is concealing his whereabouts.").[9]

Nor has Plaintiff shown the exercise of sufficient due diligence to effectuate personal service.

> The party effectuating service is considered to have used due diligence if that party:
> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;
> (b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and
> (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

*See* Fla. Stat. § 48.161(4). Plaintiff has not satisfied these requirements on this record. For example, Plaintiff has attempted service only twice (once each via Defendant's registered agent and at Defendant's principal place of business). That is not sufficient under the circumstances. *See, e.g.*, *Rebalko v. Atallah*, No. 4D2024-2131, --- So.3d ---,

---

[9] To the extent Plaintiff suggests that a person through whom Defendant could be served under applicable law refused to accept service, that would appear to present a different issue than concealment. The undersigned notes, however, that there is no indication that service was ultimately effectively made on any such person, nor does Plaintiff argue otherwise. *Compare, e.g.*, *S.E.C. v. Reinhard*, 352 F. App'x 309, 313-14 (11th Cir. 2009); *E-Z-Dock, Inc. v. Konadocks LLC*, No. 6:21-cv-2155-ACC-EJK, 2022 WL 21737672, at *2-3 (M.D. Fla. Mar. 30, 2022).

2025 WL 1509090, at *2 (Fla. 4th DCA May 28, 2025) (collecting authority); *see also United States v. Faro*, No. 2:20-cv-769-JLB-NPM, 2022 WL 111229, at *2 (M.D. Fla. Jan. 12, 2022). Moreover, even if an appropriate number of service attempts had been made, a failure to utilize available leads to effectuate personal service precludes a finding of due diligence. *See* Fla. Stat. § 48.161(4)(b); *InClaim*, 2025 WL 1509459, at *3. Here, for example, Plaintiff failed to make any follow-up effort to serve Defendant's registered agent after being given a new name for the law firm at which the registered agent, an attorney, practices. And even assuming all other statutory requirements for due diligence were met, Plaintiff has not discussed or shown that Plaintiff "[m]ade diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service." Fla. Stat. § 48.161(4)(a); *see also Khan*, 2024 WL 4728372, at *3.

Accordingly, it is **ordered** that the Motion (Doc. 5) is **denied without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on July 31, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

6

Copies to:

*Pro se* Plaintiff